UNITED STATES BANKRUPTCY COURT

DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| In re | ) |
| | ) Chapter 11 |
| FREEDOM WIND TUNNEL, LLC, | ) Case No. 24-10082-CJP |
| | ) |
| Debtor. | ) |
| | ) |

**RESPONSE OF HANSCOM FEDERAL CREDIT UNION REGARDING ENTRY OF A FINAL ORDER IN RELATION TO DEBTOR'S MOTION FOR ENTRY OF ORDER (I) AUTHORIZING DEBTOR TO OBTAIN UNSECURED POST-PETITION, SUBORDINATED FINANCING PURSUANT TO 11 U.S.C. §§ 105, 361, AND 364 AND (II) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULES 4001**

By an interim order (Docket # 79) (the "Interim Order"), entered on March 15, 2024 following a hearing on March 12, 2024, this Court authorized the debtor Freedom Wind Tunnel, LLC (the "Debtor") to borrow a total of $37,234.05 on an interim basis pursuant to Subordinated DIP Notes from three board members of the Debtor. The forms of Subordinated DIP Notes filed by the Debtor and attached to the Interim Order, however, contained statements that commitment fees have been paid by the Debtor, even though the Debtor does not have authority to use cash collateral and had represented at the March 12 hearing that no commitment fee would be paid. The Interim Order required the Debtor to file new forms of promissory notes and a proposed form of final order regarding the borrowing by April 5, 2024, and it set April 9, 2024 as the deadline for responses or objections to entry of a final order. The Debtor failed to file any new forms of promissory notes or proposed final order by the April 5 deadline. Given today's deadline for responses or objections, Hanscom Federal Credit Union ("HFCU") hereby files this response regarding entry of a final order.

1. HFCU has been informed by the Debtor that the total amount it borrowed on an interim basis is $35,000, not the $37,234.05 authorized by the Interim Order. As a result, were the Debtor to sign the Subordinated DIP Notes in the form currently filed with the Court[1] (the Debtor not having filed any new forms), which provide for a payment obligation in the aggregate of $37,234.05, the Debtor would in fact be paying a commitment fee of 6% (6% of $37,234.05 being $2,234.05, the difference between the payment obligation of $37,234.05 and the $35,000 of funds received). Fixing the form of the Subordinated DIP Notes thus goes beyond merely excising the offending language stating that commitment fees have been paid. It requires changing the principal amount and economic terms set forth in the Subordinated DIP Notes.

2. The reason that HFCU corresponded with the Debtor about its total borrowing under the Interim Order stems from an entry in the Monthly Operating Report filed by the Debtor for the month of February 2024 (Docket #89). That Monthly Operating Report shows a receipt by the Debtor of $10,000 and postpetition debt of the Debtor of $10,000. When HFCU asked the Debtor about these entries, the Debtor responded that the $10,000 was the postpetition loan by Margaret McEvoy-Ball, one of the makers of the proposed Subordinated DIP Notes, and that the $10,000 was included in the $35,000 borrowed on an interim basis under the Interim Order. Such $10,000, however, was received by the Debtor on February 26, 2024, over a week <u>before</u> the Debtor filed Debtor's Motion for Entry of Order (I) Authorizing Debtor to Obtain Unsecured Post-Petition, Subordinated Financing Pursuant to 11 U.S.C. §§ 105, 361, and 364 and (II) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001 (Docket #71) (the "Borrowing Motion").

---

[1] HFCU does not know whether in fact the Debtor signed any of the Subordinated DIP Notes when it received any of the $35,000 that it borrowed.

- 3 -

3. It is not clear to HFCU how $10,000 borrowed in February could constitute debt authorized by the Court in the Interim Order, which was entered in March after expedited hearing on a motion filed in March. The Borrowing Motion does not contain any request for retroactive relief to confirm a borrowing already made. The Borrowing Motion in fact does not even inform the Court that such borrowing had already occurred in violation of the Bankruptcy Code.

        Respectfully submitted,

        HANSCOM FEDERAL CREDIT UNION,

        By its attorneys,

        /s/ Adam J. Ruttenberg
        Adam J. Ruttenberg, BBO 553158
        BEACON LAW GROUP, LLC
        935 Great Plain Avenue, #116
        Needham, MA  02492
        (617) 235-8600
        aruttenberg@beaconlawgroup.com

Dated:  April 9, 2024

# **CERTIFICATE OF SERVICE**

I, Adam J. Ruttenberg, hereby certify my understanding that on April 9, 2024, notice of the filing of **Response of Hanscom Federal Credit Union Regarding Entry of a Final Order in Relation to Debtor's Motion for Entry of Order (I) Authorizing Debtor to Obtain Unsecured Post-Petition, Subordinated Financing Pursuant to 11 U.S.C. §§ 105, 361, and 364 and (II) Scheduling a Final Hearing Pursuant to Bankruptcy Rules 4001** was sent by the Bankruptcy Court, by e-mail, to the following:

- William J Amann    wamann@amburlaw.com, cshaw@amburlaw.com
- Paul W. Carey    pcarey@mirickoconnell.com, bankrupt@mirickoconnell.com
- Jennifer V. Doran    jdoran@haslaw.com, calirm@hinckleyallen.com, kabarrett@hinckleyallen.com
- Lee Harrington    lh@ascendantlawgroup.com
- Donald Ethan Jeffery    ejeffery@murphyking.com, dkonusevska@murphyking.com
- Richard King    USTPRegion01.BO.ECF@USDOJ.GOV
- James S. LaMontagne    jlamontagne@sheehan.com, nhbankruptcycourt@sheehan.com; asrimouksavanh@sheehan.com; kstavaski@sheehan.com
- Jesse I. Redlener    jredlener@ascendantlawgroup.com, redlener.jesseb112050@notify.bestcase.com
- Steven C. Reingold    steven.reingold@saul.com, shaquille.williams@saul.com
- Laurence K. Richmond    lrichmond@richmondslaw.com
- Heather Sprague    Heather.Sprague@usdoj.gov
- Gary M. Weiner    GWeiner@Weinerlegal.com, mshapiro@weinerlegal.com; mstearns@weinerlegal.com

                                              /s/ Adam J. Ruttenberg
                                              Adam J. Ruttenberg